David GAITAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–00975–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1995.

Rehearing Overruled Aug. 24, 1995.

Discretionary Review Refused
Nov. 15, 1995.

Brian Wice, Houston, for appellant.

Steven E. Reis, Wharton, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant pled not guilty before a jury to the offense of theft by a public servant in an aggregate amount of less than $20,000 but greater than $750. Tex.Penal Code Ann. § 39.01 (Vernon 1989).[1] The jury found him guilty and assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, to be probated for ten years, and a $10,000 fine. Appellant raises five points of error, alleging the trial court erred in denying his motion to dismiss the indictment with prejudice because of prosecutorial misconduct, in permitting the attorney general's office to act as counsel for the State, and in admitting twenty-nine police offense reports. We affirm.

When the county attorney was not available, appellant, an investigator in the Wharton County attorney's office, disposed of numerous charges of misdemeanor offenses allegedly committed by persons in Wharton County by dismissing the charges or by failing to prosecute the offenders in exchange for a fee, which he pocketed. Appellant's fee scheme came to the attention of the Wharton County grand jury through a Texas Ranger who had been investigating Wharton County's system of prosecution. During the grand jury investigation, other government employees housed in the same office came under suspicion. As a result, the district attorney recused himself, and at the request of the local district court, the office of the attorney general took over the investigation and subsequent prosecution of the case. Although a new district attorney was elected during the course of the investigation, the newly elected district attorney asked the attending assistant attorney general to continue his role in prosecuting the cases that had arisen from this investigation.

In points of error one and two, appellant alleges the trial court erred by denying his motion to dismiss the indictment with prejudice because he was denied the right to counsel under the Sixth Amendment to the United States Constitution and under article I, section 10 of the Texas Constitution. Ben Sifuentes, district attorney pro tem, obtained a warrant for appellant's arrest on the basis of an affidavit and complaint filed by a Texas Ranger and a finding of probable cause by a local judge. Appellant was arrested and later released on bond. Following appellant's release from jail, Sifuentes obtained an order compelling appellant to testify before the grand jury, and authorizing "use" immunity[2] for his testimony. The order did not contain a certificate of service, and Sifuentes made no effort to notify appellant's attorney, although he was aware that appellant was represented by counsel at the time. Consequently, the grand jury heard and recorded[3] eight hours of appellant's immunized testimony without the presence of appellant's attorney outside the grand jury room.

The grand jury's term expired without indicting appellant, and a second grand jury convened in July, 1992. Sifuentes made the transcripts and video tapes of appellant's eight hours of immunized testimony available to the new grand jury. This grand jury subsequently indicted appellant for the same offense for which he had previously been arrested.

Appellant brought two motions to dismiss the indictment with prejudice. In his first motion, appellant charged the second grand jury with utilizing his immunized testimony as the basis for its indictment against him. In his second motion, appellant alleged prosecutorial misconduct in denying him the right to counsel at the first grand jury hearing. Appellant claimed that in testifying

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

2. "Use" or testimonial immunity provides a criminal witness testifying before the grand jury with protection from prosecution, except for ag-

gravated perjury or contempt, on account of information derived, directly or indirectly, from his compelled testimony. Tex.Penal Code Ann. § 71.04 (Vernon 1989); *Ex parte Shorthouse*, 640 S.W.2d 924 (Tex.Crim.App.1982).

3. Appellant's testimony, like others appearing before this grand jury, with the exception the Texas Rangers, was videotaped by a Ranger and recorded by a court reporter.

with immunity and without his attorney present, he effectively gave the prosecutor a road map of his defense. Although the trial court expressed reservations about prosecutorial misconduct in denying appellant the right to counsel, the court refused to dismiss the indictment with prejudice. In lieu of dismissal, the trial court quashed the indictment against appellant.[4] A third grand jury, convened the following year, reindicted appellant for the same offense. Appellant continued to urge the trial court to dismiss the indictment with prejudice during the trial, but the trial court overruled each motion.

■ A trial court, by dismissing an indictment with prejudice, is in effect, instructing the prosecutor not to proceed with future charges arising from the same offense. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 900 (Tex.Crim.App.1984). A trial court may not dismiss an indictment with prejudice without the prosecutor's consent except in certain circumstances where the court is authorized by constitution, statute, or common law. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991). One such circumstance, authorized by the Sixth Amendment to the United States Constitution, is prosecutorial misconduct which prejudicially violates a defendant's right to counsel, where the exclusion of such evidence will not cure the prejudice. *State v. Frye*, 897 S.W.2d 324, 330 (Tex.Crim.App.1995). Under *Frye*, the trial court must first determine whether appellant's Sixth Amendment right to counsel has attached, and whether the State violated appellant's right to counsel, before reaching the question of whether the dismissal of the indictment with prejudice is warranted. *Id.* at 327–30. In this case, the State does not challenge that appellant's right to counsel had attached or that the State violated that right by compelling appellant's testimony before the grand jury without his attorney being present, or at least notified. Therefore, the only issue before this Court is whether dismissal with prejudice, instead of quashing the indictment, was the more appropriate

remedy for the State's misconduct. *Id.* at 330.

■ Dismissal of an indictment with prejudice is an extraordinary and drastic remedy to be "warranted where a defendant suffers demonstrable prejudice, or a substantial threat thereof, and where the trial court is unable to 'identify and neutralize the taint' [of the transgression] by other means." *Id.* The preferable methods for neutralizing the effect of the State's violation of appellant's right to counsel are suppressing evidence and limiting cross-examination during trial. *Id.* Appellant contends the trial court erred in not dismissing the indictment with prejudice because the "nature of the information" the State obtained through his immunized testimony without counsel present, touched all aspects of his defense. *See State v. Frye*, 846 S.W.2d 443, 451 (Tex.App.—Houston [14th Dist.] 1992), *aff'd*, 897 S.W.2d 324 (Tex. Crim.App.1995).

■ Nevertheless, we are unable to determine whether the prosecutor's misconduct caused appellant to suffer the threat of substantial prejudice because appellant did not include the grand jury testimony in the record on appeal. Even though the record indicates the trial court reviewed appellant's immunized testimony before quashing the indictment, that testimony is not before this Court on appeal. The burden is on appellant to present a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d); *Callahan v. State*, 814 S.W.2d 420, 423 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). Without a complete record, we cannot determine to what extent harm has occurred. *Callahan*, 814 S.W.2d at 423. Therefore, we presume the evidence omitted from this record supports the trial court's judgment. *See* TEX.R.APP.P. 53(d); *Schaum v. State*, 833 S.W.2d 644, 648 (Tex.App.—Dallas 1992, no pet.). Appellant's first and second points of error are overruled.

---

4. A trial court may, on the motion of a defendant, set aside, quash or dismiss an indictment for a defect of form or substance. *State v. Fass*, 846 S.W.2d 934, 935 (Tex.App.—Austin 1993, no pet.). When a motion to quash or set aside the charging instrument is sustained, the State may initiate new proceedings against the defendant within the time allowed by law. *Id.;* TEX.CODE CRIM.PROC.ANN. arts. 28.04, 28.05 (Vernon 1989).

In points of error three and four, appellant maintains the trial court erred in permitting an assistant attorney general to act as counsel for the State in violation of article 2.01 of the Texas Code of Criminal Procedure and article V, section 21 of the Texas Constitution. Because the Texas Constitution and the Code of Criminal Procedure delegate the power to prosecute criminal cases exclusively to district and county attorneys, appellant contends the attorney general cannot exercise that power unless appointed by the trial court as district attorney pro tem, and only if the county attorney is also disqualified, absent, or otherwise unable to prosecute the criminal offense. We disagree.

█ A district attorney may employ any assistant prosecuting attorney, including an assistant attorney general, he deems necessary to carry out the constitutional duties of his office. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex.Crim.App.1994) (plurality opinion) (citing Tex.Gov't Code Ann. §§ 41.102, 41.103, 41.105 (Vernon 1988)). However, in order to appoint or retain an assistant district attorney, an oath must be administered. *Pirtle*, 887 S.W.2d at 929 (citing Tex. Const. art. XVI, § 1). Furthermore, when a district attorney is disqualified to act and recuses himself, or when he is absent from the district, the trial court having jurisdiction over the prosecution of a criminal case may appoint *any competent attorney* to perform the duties of the district attorney during the period in which the district attorney is absent or disqualified. Tex. Code Crim.Proc.Ann. art. 2.07 (Vernon 1977 and Supp.1995) (emphasis added); *Pirtle*, 887 S.W.2d at 939–40 (Baird, J., dissenting) (citing *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex.Crim.App.1990)).

Here, two different assistants from the office of the attorney general, meeting the requirements of *Pirtle*, served in the district attorney's office over the course of the investigation and prosecution of appellant and others involved in the Wharton County fee scheme. In the first instance, Assistant Attorney General Ben Sifuentes took the oath of the district attorney's office and assumed the responsibilities of the office of district attorney pro tem by order of the trial court

when District Attorney Danny Shindler recused himself because one of his employees had become a target of the grand jury investigation. Subsequently, District Attorney Shindler lost his re-election bid to Steven Reis. When Reis took office in January, 1993, he appointed Frank Briscoe, another assistant attorney general, to the office of assistant district attorney. After protests from appellant and other defendants that he had not been sworn in, Briscoe took the oath of office on January 26, 1993.

█ Appellant maintains that the holding of *Pirtle* is inapplicable in this case for two reasons. First, appellant maintains that Briscoe was never officially sworn in as an assistant district attorney because Briscoe was sworn into office by a notary public instead of District Attorney Reis. Therefore, appellant contends, Briscoe failed to meet the oath requirement of *Pirtle*. Appellant misstates the law. A notary public has the authority to administer oaths, including the oath of office. Tex.Gov't Code Ann. § 406.016(a)(3) (Vernon 1990); Op.Tex.Atty. Gen. No. 0–3203 (1941). Furthermore, many county and district attorneys have limited authority to administer an oath in their official capacity unless they qualify as a notary public and administer the oath in that capacity. *Greer v. State*, 437 S.W.2d 558, 562 (Tex.Crim.App.1969).

█ Appellant also asserts *Pirtle* is inapplicable in this case because District Attorney Reis relinquished control over the prosecution of appellant's case to Briscoe, unlike the appointed assistant attorneys in *Pirtle*. A district attorney may appoint any duly licensed attorney to assist him in prosecuting a criminal case "as long as the district or county attorney does not relinquish control of or responsibility for such prosecution. Control over the prosecution logically includes the presence of the district or county attorney or an assistant district or assistant county attorney, respectively, in the courtroom during all phases of the trial." *Pirtle*, 887 S.W.2d at 932–33 (Maloney, J., concurring).

█ At a pretrial hearing on a joint motion to dismiss Briscoe, the trial court heard testimony by the attorneys concerning Bris-

coe's status as an assistant district attorney and Reis' alleged relinquishment of authority to him. The trial court is the sole judge of the credibility of the witnesses in a pretrial hearing and absent a showing of an abuse of discretion, the trial court's findings will not be disturbed on appeal. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986). Here, the trial court merely exercised its discretion as the sole judge of the credibility of the witnesses, and denied the joint motion to dismiss the assistant district attorney. We find no abuse of discretion. Appellant's third and fourth points of error are overruled.

In point of error five, appellant contends the trial court erred in admitting twenty-nine police offense reports of individuals arrested in Wharton County for driving while intoxicated because they were hearsay evidence and did not fall under the business record hearsay exception of Rule 803(6) of the Texas Rules of Criminal Evidence. The determination of admissibility of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994). A trial court clearly abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).

Hearsay is a statement, written or oral, other than one made by the declarant while testifying at trial offered in evidence to prove the truth of the matter asserted. TEX. R.CRIM.EVID. 801(d); *Dinkins v. State*, 894 S.W.2d 330 (Tex.Crim.App.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 106, —— L.Ed.2d —— (1995). Police offense reports are hearsay and specifically inadmissible under Rule 803(8)(B). Likewise they are also inadmissible as a business record under Rule 803(6). *Cole v. State*, 839 S.W.2d 798, 811 (Tex.Crim.App.1990).

In this case, however, the State did not offer the twenty-nine offense reports for the truth of their contents, that is, to prove that these individuals were intoxicated. The State offered the reports as evidence of arrests which were ultimately dismissed or not prosecuted by Wharton County in connection with payments made to appellant. An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather for the *truth* of the matter stated therein does not constitute hearsay. *Dinkins v. State*, 894 S.W.2d at 347 (emphasis in original); *see also Gholson v. State*, 542 S.W.2d 395, 398 (Tex.Crim.App.1976) (explaining that an extrajudicial statement may be admitted as circumstantial evidence from which an inference may be drawn without violating hearsay rule if not offered to prove the truth of the matter asserted). Because the offense reports did not constitute hearsay, the trial court did not abuse its discretion in admitting them into evidence. Appellant's fifth point of error is overruled.

The judgment of the court below is affirmed.