**The STATE of Texas, Appellant,**

v.

**Juan Enrique REYNA, Appellee.**

**No. 13–01–847–CR.**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Sept. 5, 2002.

Amy Howell Alaniz, Assistant District Attorney, Rene A. Guerra, Criminal District Attorney, Theodore C. Hake, Asst. Criminal District Attorney, Edinburg, for state.

Burt Springer, Houston, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.·

## OPINION

Opinion by Justice RODRIGUEZ.

Appellee Juan Reyna, a McAllen police officer, was charged with driving while intoxicated (DWI). The trial court granted Reyna's motion to suppress an accident report as evidence. By one point of error, the State claims the trial court erred in granting the motion. We reverse and remand.

## I.  FACTS

Reyna drove his pickup truck into a utility pole on November 22, 1998, in Edinburg, Texas, pinning a passenger in the wreckage. At trial, Officers Bocanegra and Rodriguez testified regarding the events which occurred when the police arrived at the accident scene. Officer Rodriguez spoke to Reyna first and asked him what happened. Reyna responded that he was on his cell phone, dropped it and lost control of the vehicle while trying to retrieve it.

Officer Bocanegra talked to a woman on the scene who was later identified as Reyna's girlfriend. She stated that she had been at a bar where Reyna had consumed four to six beers. Officer Bocanegra conducted a horizontal gaze nystagmus test on Reyna, and another officer administered two other field sobriety tests. Reyna failed these tests and was arrested for

DWI. Upon arrival at the police station, Officer Bocanegra read Reyna his Miranda warnings. Officer Rodriguez prepared the accident report which included the statements Reyna gave at the scene about the circumstances surrounding the accident. The report also included a supplement describing Reyna's slurred speech and unsteady balance.

Reyna filed a motion to suppress the accident report claiming sections 550.021 and 550.023 of the transportation code required him to give the police officers information in violation of his right against self-incrimination. *See* Tex. Transp. Code Ann. §§ 550.021, 550.023 (Vernon 1999). The trial court filed findings of facts and conclusions of law.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. *See Ford v. State,* 26 S.W.3d 669, 672 (Tex.App.-Corpus Christi 2000, no pet.) (citing *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999)). The reviewing court may not disturb supported findings of fact absent a clear showing of abuse of discretion. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). A court abuses its discretion if it acts without reference to guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). Mixed questions of law and fact that turn on the credibility and demeanor of a witness are reviewed under a total deference standard. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Mixed questions of law and fact which do not turn on the credibility and demeanor of a witness are reviewed *de novo. Id.*

An issue does not evaluate the credibility and demeanor where evidence is uncontroverted because the trial court does not have to decide which conflicting testimony deserves more weight. *See State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000); *Maestas v. State,* 987 S.W.2d 59, 62 (Tex. Crim.App.1999). Because the issue in this case does not involve a disagreement about the facts or credibility of a witness, but rather whether the transportation code compels a person to make statements in violation of the right against self-incrimination, we review the trial court's ruling *de novo. See Ross,* 32 S.W.3d at 856; *Guzman,* 955 S.W.2d at 89.

## III. ANALYSIS

In its sole point of error, the State contends the trial court erred in granting Reyna's motion to suppress the accident report. The transportation code requires the driver to give his name, address, vehicle registration number, name of insurance and if requested, a driver's license "to any person injured or the operator or occupant of or person attending a vehicle involved in the collision." Tex. Transp. Code Ann. §§ 550.021, 550.023. The statutes do not require a driver to give any information to law enforcement officials. *Id.; see State v. Stevenson,* 958 S.W.2d 824, 827 (Tex.Crim.App.1997) (citing Tex.Rev.Civ. Stat. Ann. art. 6701d, §§ 38(b), 40, since repealed and codified at Tex. Transp. Code. Ann. §§ 550.021, 550.023 (Vernon 1999)). If the language of a statute is unambiguous, we give effect to its plain meaning unless doing so would lead to absurd results. *See Stevenson,* 958 S.W.2d at 827. Looking at the language of sections 550.021 and 550.023, we conclude they are clear and unambiguous. The statutes do not compel a person to give incriminating information to a police officer. *Id.* There is no requirement that a driver cooperate with an officer in making the officer's written report by giving oral statements about the accident; statements

which might be incriminating. *Id.* at 827–28.

We respectfully disagree with the dissent's conclusion that this accident report constitutes inadmissible hearsay. From the record before us there is no evidence that the accident report was ever offered into evidence. Thus, it cannot be said that the accident report was being used to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d); *Gaitan v. State*, 905 S.W.2d 703, 708 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd). Because this theory of law is not applicable to the case before us, we decline to sustain the motion to suppress on such basis. *See Roquemore v. State*, 60 S.W.3d 862, 866 (Tex.Crim.App.2001).

## IV. CONCLUSION

We conclude the trial court erred in granting Reyna's motion to suppress the accident report. The State's sole point of error is sustained.

Accordingly, the trial court's judgment is reversed and remanded.

Dissenting Opinion by Justice DORSEY.

DORSEY, Justice, dissenting.

I respectfully dissent from the majority's conclusion that the trial court erred in suppressing the accident report. The issue in this case is whether the trial court erred in granting the motion to suppress the police report concerning appellant's accident. Appellant filed a motion to suppress the accident report, claiming that sections 550.021 and 550.023 of the Texas Transportation Code required him to give police officers information in violation of his right against self-incrimination. *See* Tex. Transp. Code Ann. §§ 550.021 & 550.023 (Vernon 1999). The majority concluded that the trial court erred in granting appellant's motion to suppress the acci-

dent report, stating: "The statutes do not require a driver to give any information to law enforcement officers." I agree with this statement; however, I disagree with the majority's conclusion. My contention is that police reports constitute inadmissable hearsay.

Hearsay is a statement, written or oral, other than one made by the declarant while testifying at trial offered in evidence to prove the truth of the matter asserted. Tex. R. Crim. Evid. 801(d); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex.Crim.App. 1995). Police offense reports are hearsay and specifically inadmissible under Rule 803(8)(B) of the Texas Rules of Evidence. *Gaitan v. State*, 905 S.W.2d 703, 708 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd). Likewise police reports are also inadmissible as a business record under Rule 803(6) of the Texas Rules of Evidence. *Cole v. State*, 839 S.W.2d 798, 811 (Tex.Crim.App. 1990); *Gaitan*, 905 S.W.2d at 708. The exception to the rule is when a police report is not offered for the truth of its contents. *Gaitan*, 905 S.W.2d at 708. See *Dinkins*, 894 S.W.2d at 347. The exception does not apply here.

Here the trial court sustained the motion to suppress the police report on the basis that sections 550.021 and 550.023 of the Texas Transportation Code required appellant to give police officers information in violation of his right against self-incrimination. Although the trial court based its decision to suppress the police report on an incorrect theory, its decision to suppress the police report is ultimately correct, because police reports constitute inadmissable hearsay. *Cole*, 839 S.W.2d at 811; *Gaitan*, 905 S.W.2d at 708. The court of criminal appeals has said that a trial court's decision will be sustained if it is correct on any theory of law applicable to the case, especially with regard to the admission of evidence. *McDuff v. State*,

939 S.W.2d 607, 619 (Tex.Crim.App.1997). This principle holds true even when the trial court gives the wrong reason for its decision. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). For this reason I would affirm the trial court's decision to suppress the police report.