NUMBER
13-01-847-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

THE STATE OF TEXAS,                                                         Appellant,

 

                                                   v.

 

JUAN ENRIQUE REYNA,                                                         Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 4 

                                  of Hidalgo County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellee Juan Reyna, a McAllen police officer, was charged with
driving while intoxicated (DWI).  The
trial court granted Reyna=s motion to
suppress an accident report as evidence. 
By one point of error, the State claims the trial court erred in
granting the motion.  We reverse and
remand. 








I.  FACTS

 Reyna drove his pickup
truck into a utility pole on November 22, 1998, in Edinburg, Texas, pinning a
passenger in the wreckage.  At trial,
Officers Bocanegra and Rodriguez testified regarding the events which occurred
when the police arrived at the accident scene. 
Officer Rodriguez spoke to Reyna first and asked him what happened.  Reyna responded that he was on his cell
phone, dropped it and lost control of the vehicle while trying to retrieve
it.  

Officer Bocanegra talked to a woman on the scene who was later identified as Reyna=s
girlfriend.  She stated that she had been
at a bar where Reyna had consumed four to six beers.  Officer Bocanegra conducted a horizontal gaze
nystagmus test on Reyna, and another officer administered two other field
sobriety tests.  Reyna failed these tests
and was arrested for DWI.  Upon arrival
at the police station, Officer Bocanegra read Reyna his Miranda warnings.  Officer Rodriguez prepared the accident
report which included the statements Reyna gave at the scene about the
circumstances surrounding the accident. 
The report also included a supplement describing Reyna=s slurred
speech and unsteady balance.           

Reyna filed a motion to suppress the accident report claiming
sections 550.021 and 550.023 of the transportation code required him to give
the police officers information in violation of his right against
self-incrimination.  See Tex. Transp. Code Ann. '' 550.021, 550.023 (Vernon 1999).  The trial court filed findings of facts and
conclusions of law.








II. STANDARD OF REVIEW

A trial court=s ruling on a
motion to suppress is generally reviewed for abuse of discretion.  See Ford v. State, 26 S.W.3d 669, 672
(Tex. App.BCorpus Christi
2000, no pet.) (citing Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999)). 
The reviewing court may not disturb supported findings of fact absent a
clear showing of abuse of discretion.  State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  A court abuses its
discretion if it acts without reference to guiding rules and principles.  Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Mixed questions of law and fact that turn on
the credibility and demeanor of a witness are reviewed under a total deference
standard.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  Mixed questions
of law and fact which do not turn on the credibility and demeanor of a witness
are reviewed de novo.  Id. 


An issue does not evaluate the credibility and demeanor where
evidence is uncontroverted because the trial court does not have to decide
which conflicting testimony deserves more weight.  See State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Maestas v. State, 987 S.W.2d
59, 62 (Tex. Crim. App. 1999). 
Because the issue in this case does not involve a disagreement about the
facts or credibility of a witness, but rather whether the transportation code
compels a person to make statements in violation of the right against
self-incrimination, we review the trial court=s ruling de novo.  See Ross, 32 S.W.3d
at 856; Guzman, 955 S.W.2d at 89.

 








III. 
ANALYSIS

In its sole point of error, the State contends the trial court
erred in granting 
Reyna=s motion to
suppress the accident report.  The
transportation code requires the driver to give his name, address, vehicle
registration number, name of insurance and if
requested, a driver=s license Ato any person
injured or the operator or occupant of or person attending a vehicle involved
in the collision.@  Tex. Transp. Code Ann. '' 550.021, 550.023.  The statutes do not require a driver to give
any information to law enforcement officials.  Id.; see State v. Stevenson,
958 S.W.2d 824, 827 (Tex. Crim. App. 1997) (citing Tex. Rev. Civ. Stat. Ann. art. 6701d, '' 38(b), 40,
since repealed and codified at Tex. Transp. Code. Ann. '' 550.021, 550.023 (Vernon 1999)).  If the language of a statute is unambiguous,
we give effect to its plain meaning unless doing so would lead to absurd
results.  See Stevenson, 958 S.W.2d at 827. 
Looking at the language of sections 550.021 and 550.023, we conclude
they are clear and unambiguous.  The
statutes do not compel a person to give incriminating information to a police
officer.  Id.  There is no requirement that a driver
cooperate with an officer in making the officer=s written report by giving oral statements
about the accident; statements which might be incriminating.  Id. at 827-28.








We respectfully disagree with the dissent=s conclusion that
this accident report constitutes inadmissible hearsay.  From the record before us there is no
evidence that the accident report was ever offered into evidence.  Thus, it cannot be said that the accident
report was being used to prove the truth of the matter asserted.  See Tex.
R. Evid. 801(d); Gaitan v. State, 905 S.W.2d 703, 708 (Tex. App.BHouston [14th
Dist.] 1995, pet. ref=d).  Because this theory of law is not applicable
to the case before us, we decline to sustain the motion to suppress on such
basis.  See Roquemore v. State, 60 S.W.3d 862, 866 (Tex. Crim. App. 2001).    

                                                 IV.
CONCLUSION

We conclude the trial court erred in granting Reyna=s motion to
suppress the accident report.  The State=s sole point of
error is sustained.

Accordingly, the trial court=s judgment is reversed and remanded. 

 

NELDA
V. RODRIGUEZ

Justice

 

Dissenting
Opinion by Justice Dorsey.

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this 5th day of
September, 2002.