NUMBER 13-03-485-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

EMILIO CADENA, JR.,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Emilio Cadena, Jr., brings this appeal following a conviction and life
sentence for murder. The trial court has certified that this case “is not a plea-bargain
case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). By
two points of error, appellant contends the trial court erred in overruling: (1)
appellant’s objection to the insertion of the law of parties in the jury charge; and (2)
appellant’s motion to suppress his confession. We affirm.
I. FACTS
         As this is a memorandum opinion, and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. JURY CHARGE
         By his first point of error, appellant contends the trial court erred in overruling
his objection to the insertion of the law of parties in the jury charge. Alternatively,
appellant contends the conviction is defective because there was no application
paragraph in the jury charge regarding the law of parties. 
         The State argues the second contention is a multifarious point which we are not
required to address. While we may disregard and refuse to review multifarious points
of error, we may also elect to consider them if we are able to determine, with
reasonable certainty, the alleged error about which the complaint is made. Stults v.
State, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
Because we are able to determine both contentions in appellant’s first point of error
with reasonable certainty, we will consider them. 
A. Standard of ReviewWhen we review alleged charge error, we determine: (1) whether error actually
exists in the charge; and (2) whether any resulting harm requires reversal. Castaneda
v. State, 28 S.W.3d 685, 694 (Tex. App.—Corpus Christi 2000, no pet.); see Mann
v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). If we conclude there is jury
charge error, we must determine if the error caused sufficient harm to warrant
reversal. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). The
standard to determine whether sufficient harm resulted from the error to require
reversal depends upon whether appellant objected. Mann, 964 S.W.2d at 641. If the
error in the charge was the subject of a timely objection, reversal is required if the error
was calculated to injure the rights of the defendant, or in other words, whether there
was “some harm.” Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003)
(en banc); Escobar v State, 28 S.W.3d 767, 777 (Tex. App.—Corpus Christi 2000,
pet. ref’d). On the other hand, if the error was not properly objected to, we may
reverse only if the record shows that the error was so egregiously harmful that the
defendant was denied a fair and impartial trial. See Ovalle, 13 S.W.3d at 786;
Escobar, 28 S.W.3d at 777.
B. Analysis
         We first determine whether the court erred by inserting the law of parties in the
charge. See Castaneda, 28 S.W.3d at 694. A jury charge on the law of parties is
appropriate when the evidence indicates a defendant encouraged, directed, or aided
another in the commission of the offense. Id. Since appellant properly objected at trial
to the insertion of a charge on the law of parties, an error in the jury charge would
require reversal if appellant was the subject of “some harm.” See Trevino, 100
S.W.3d at 242. However, if the evidence clearly supports appellant’s guilt as a
principal actor, any error of the trial court in charging on the law of parties is harmless. 
See Black v. State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986); Todd v. State, 601
S.W.2d 718, 721 (Tex. Crim. App. 1980) (because the jury was authorized to convict
appellant if it found he was acting alone, any error was harmless). 
         After reviewing the record, we conclude error, if any, was harmless because the
evidence clearly supports appellant’s guilt as a principal actor. See Black, 723 S.W.2d
at 675.
         Next, we address appellant’s alternative argument. The application paragraph
is what authorizes a conviction, and an abstract charge on a theory of law which is not
included in the application paragraph is insufficient to bring that theory before the jury. 
See Campbell v. State, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995). It is error to
instruct the jury abstractly on the law of parties and fail to apply the law in the
application paragraph. See id.
         In this case, the trial court included the law of parties in the abstract portion of
the charge but failed to include it in the application paragraph. Assuming the law of
parties should have been included in the jury charge, the trial court erred in not
applying the law of parties. However, we conclude any error was harmless because
the evidence clearly supported appellant’s conviction as the principal actor. See Black,
723 S.W.2d at 675. Appellant himself conceded that the court charged him as a
principal and not as a party. Moreover, appellant did not object to the omission at trial
so a reversal is only appropriate upon a finding of egregious harm. See Ovalle, 13
S.W.3d at 786; Escobar, 28 S.W.3d at 777. From our review of the record and our
analysis above, we cannot conclude the error was so egregiously harmful that
appellant was denied a fair and impartial trial. See Ovalle, 13 S.W.3d at 786; Escobar,
28 S.W.3d at 777.
         Appellant’s first point of error is overruled. 
III. MOTION TO SUPPRESS
         By his second point of error, appellant contends the trial court erred in overruling
his motion to suppress his confession because it was involuntary.
A. Standard of Review
         We review a trial court's ruling on a motion to suppress evidence for abuse of
discretion. State v. Reyna, 89 S.W.3d 128, 130 (Tex. App.—Corpus Christi 2002,
no pet.); see Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The
reviewing court may not disturb supported findings of fact absent a clear showing of
abuse of discretion. Reyna, 89 S.W.3d at 130; see State v. Ballard, 987 S.W.2d 889,
891 (Tex. Crim. App. 1999). A court abuses its discretion if it acts without reference
to guiding rules and principles. Reyna, 89 S.W.3d at 130; see Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In a suppression hearing, the trial
court is the sole judge of the weight and credibility of the witnesses. See Alvarado v.
State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In reviewing the voluntariness of
a confession on appeal, almost total deference is given to the trial court's
determination of historical facts. See State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000). B. AnalysisIn this case, there is no evidence the trial court abused its discretion in denying
appellant’s motion to suppress. A confession is admissible if the confession was
freely and voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc.
Ann. art. 38.21 (Vernon 1979). Voluntariness is determined based on the totality of
the circumstances. Ashcraft v. State, 934 S.W.2d 727, 737 (Tex. App.—Corpus
Christi 1996, writ ref'd); see Lane v. State, 933 S.W.2d 504, 512 (Tex. Crim. App.
1996). Several officers testified that appellant was informed of his rights and that
appellant indicated he understood those rights. The officers also testified that they
never denied appellant food or drink, never promised appellant anything in return for
his confession, and never coerced him to make a confession. The only controverting
evidence comes from the testimony of appellant himself. 
         Because the court is the sole judge of the weight and credibility of the
witnesses, see Alvarado, 853 S.W.2d at 23, and giving almost total deference to the
court’s determination of these facts, see Ross, 32 S.W.3d at 856, we hold there was
no clear abuse of discretion in the court’s finding that the confession was voluntary. 
Therefore, we will not disturb the trial court’s decision in admitting the confession. 
See Reyna, 89 S.W.3d at 130. Appellant’s second point of error is overruled.
 
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Memorandum Opinion delivered and 
filed this 29th day of July, 2004.