Rios v. SOT











 




NUMBER 13-03-00279-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

POLICARPIO RIOS,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 103rd District Court of Cameron County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Policarpio Rios, guilty of two counts of indecency with a
child,


 one count of sexual assault,


 and one count of aggravated sexual assault.


 The trial
court: (1) assessed appellant’s punishment at fifteen years imprisonment for each count
of indecency with a child, fifteen years imprisonment for the sexual assault, and twenty-five
years imprisonment for the aggravated sexual assault; and (2) ordered the four sentences
to run concurrently. The trial court has certified that this is not a plea-bargain case, and
the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). In four issues,
appellant contends: (1) he did not receive effective assistance of counsel at trial; (2) the
trial court abused its discretion by refusing to suppress his confession; (3) the evidence is
legally insufficient to support his conviction for aggravated sexual assault; and (4) the
evidence is factually insufficient to support his conviction for aggravated sexual assault. 
We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
A. Ineffective Assistance Of Counsel
          In his first issue, appellant contends he did not receive effective assistance of
counsel at trial because his counsel had previously represented his wife, Ismelda Sanchez
Rios.



          During the State’s case-in-chief, the State informed the trial court that it might call
Ismelda, the victim’s mother, as a witness. Appellant’s counsel then expressed concern
that he might have a conflict of interest if he was forced to cross-examine Ismelda,
because she might invoke her right against self-incrimination. Ultimately, however, the
State elected not to call Ismelda as a witness. Later, appellant called Ismelda to testify in
his behalf.
          On appeal, appellant argues that the focus of his counsel’s examination of Ismelda
was to allow her to discount allegations made against her, rather than those made against
appellant. Appellant contends that but for this focus, the jury might have been more
inclined to believe Ismelda’s testimony that appellant was innocent of the allegations made
by the victim. 
          Our review of counsel’s performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). A defendant seeking relief must demonstrate that: 
(1) counsel’s performance failed to constitute reasonably effective assistance by falling
below an objective standard of reasonableness under the prevailing professional norms;
and (2) there is a reasonable probability that, but for counsel’s deficient performance, the
result of the proceeding would have been different. Id. at 694; Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). The burden of proving ineffective assistance of counsel
is on the appellant and requires proof by a preponderance of the evidence. Stafford v.
State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore v. State, 694 S.W.2d 528,
531 (Tex. Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984). An allegation of ineffective assistance of counsel will be sustained only if it is firmly
founded in the record and if the record affirmatively demonstrates counsel’s alleged
ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Ex
parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980); Stone v. State, 17 S.W.3d
348, 350 (Tex. App.–Corpus Christi 2000, pet. ref’d).
          Effective assistance of counsel is gauged by the totality of the representation from
the pretrial representation of the accused through the punishment stage of the trial. Ex
parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial as a whole
must be reviewed and not isolated incidents of counsel’s performance. Cannon, 668
S.W.2d at 403. The standard of review for ineffective assistance of counsel is the same
for all phases of the trial. Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999).
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and
made all significant decisions in the exercise of reasonable professional judgment. Delrio
v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be rebutted
by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). The record in this case does not show trial counsel’s
reasoning for calling Ismelda as a witness and for examining her in the manner that he did. 
Thus, we have nothing before us from which to determine the basis for counsel’s actions.
          In the absence of evidence of counsel’s reasons for the challenged conduct, the
appellate court will assume a strategic motivation and will not conclude that the conduct
was deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); see Aldrich v. State, 104
S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely decide the issue of
unreasonable performance because the appellate record rarely speaks to the strategic
reasons that counsel may have considered.”).
          Rios’s assertion that he received ineffective assistance of counsel is not firmly
founded in the record, and the record does not affirmatively demonstrate the alleged
ineffectiveness. Accordingly, we hold that Rios has not sustained his burden of proving his
ineffective assistance of counsel claim by a preponderance of the evidence.


 Rios’s first
issue is overruled.
B. Involuntary Confession
          In his second issue, appellant contends the trial court abused its discretion in
overruling his motion to suppress his confession because it was not voluntarily given.
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. State v. Reyna, 89 S.W.3d 128, 130 (Tex. App.–Corpus Christi 2002, no pet.);
see Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The reviewing court
may not disturb supported findings of fact absent a clear showing of abuse of discretion. 
Reyna, 89 S.W.3d at 130; see State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999). A court abuses its discretion if it acts without reference to guiding rules and
principles. Reyna, 89 S.W.3d at 130; see Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990).
          A confession is admissible if the confession was freely and voluntarily made without
compulsion or persuasion. Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 1979). 
Voluntariness is determined based on the totality of the circumstances. Ashcraft v. State,
934 S.W.2d 727, 737 (Tex. App.–Corpus Christi 1996, pet. ref’d); see Lane v. State, 933
S.W.2d 504, 512 (Tex. Crim. App. 1996).
          At trial, two police officers testified that appellant was informed of his rights and
indicated he understood those rights.


 The officers also testified that they never promised
appellant anything in return for his confession and never coerced him to make a
confession. The only controverting evidence is appellant’s testimony and the testimony of
appellant’s wife, who testified that she experienced a coercive atmosphere when she gave
a statement to the officers.
          In a suppression hearing, the trial court is the sole judge of the weight and credibility
of the witnesses. See Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In
reviewing the voluntariness of a confession on appeal, almost total deference is given to
the trial court’s determination of historical facts. See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000). Accordingly, we hold the trial court did not abuse its discretion in
finding that appellant’s confession was voluntarily given and in overruling appellant’s
motion to suppress. Appellant’s second issue is overruled.
C. Legal And Factual Sufficiency
          In his third and fourth issues, appellant complains that the evidence is legally and
factually insufficient to support his conviction for aggravated sexual assault. Specifically,
appellant asserts: (1) there is no evidence corroborating the victim’s allegation of
aggravated sexual assault; (2) he did not engage in any type of sexual contact with the
victim; and (3) Ismelda, the victim’s mother, provided testimony that negated the factual
accuracy of the victim’s testimony.
1. Legal Sufficiency
          When we review the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim.
App. 2003). We measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997). “Such a charge would be one that accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State’s burden of
proof or unnecessarily restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant was tried.” Id.
          A person commits aggravated sexual assault of a child by intentionally or knowingly
causing the penetration of the sexual organ of a child by any means and the victim is
younger than fourteen years of age. Tex. Pen. Code Ann. § 22.021 (Vernon 2003).
          The indictment alleged that appellant, on or about January 15, 1993, intentionally
and knowingly penetrated the sexual organ of the victim with his finger. The victim, who
was twelve years of age on January 15, 1993, affirmed the facts alleged in the indictment
by her testimony. In his confession, appellant admitted penetrating the victim’s sexual
organ with his finger on seven different occasions.
          From the foregoing evidence, we conclude that a rational trier of fact could have
found appellant guilty of the offense of aggravated sexual assault beyond a reasonable
doubt. Accordingly, we hold the evidence is legally sufficient to support appellant’s
conviction for the offense of aggravated sexual assault. Appellant’s third issue is
overruled.
2. Factual Sufficiency
          When we review the factual sufficiency of the evidence, we review all of the
evidence and set aside the verdict only if (1) the evidence is so weak as to be clearly wrong
and manifestly unjust or (2) the verdict is against the great weight of the evidence. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We are not bound to view the
evidence in the light most favorable to the prosecution, and may consider the testimony
of all the witnesses. Id. at 10-12. Disagreeing with the fact finder’s determination is
appropriate only when the record clearly indicates that such a step is necessary to arrest
the occurrence of a manifest injustice; otherwise, due deference must be accorded the fact
finder’s determinations, particularly those concerning the weight and credibility of the
evidence. Id. We measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. Wheaton v. State,
129 S.W.2d 267, 272 (Tex. App.–Corpus Christi 2004, no pet.); see Adi v. State, 94
S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d).
           In addition to the evidence discussed above in our legal-sufficiency analysis,
appellant claimed that the sexual abuse did not begin until the victim was fourteen years
of age. Viewing the evidence neutrally, we conclude the evidence is not so weak as to be
clearly wrong and manifestly unjust and the verdict is not against the great weight of the
evidence. The proof contrary to the State’s evidence, which consisted of testimony from
appellant and his wife that the victim was not abused and that their statements were
coerced and fabricated, does not greatly outweigh the proof of guilt. Accordingly, we hold
the evidence is factually sufficient to support appellant’s conviction for the offense of
aggravated sexual assault. Appellant’s fourth issue is overruled.
          The judgment of the trial court is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 26th day of August, 2004.